Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRI KING, | Case No. |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| NATIONAL CREDIT WORKS, INC., | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, SHERRI KING ("Plaintiff"), is a natural person residing in Fresno county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, NATIONAL CREDIT WORKS, INC., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. Defendant contacted Plaintiff in connection with an attempt to collect an alleged debt that was not owed by Plaintiff.

7. Defendant continuously contacted Plaintiff in connection with an attempt to collect the alleged debt, at the frequency as to constitute harassment.

8. On or about September 28, 2010, Plaintiff sent a letter informing Defendant that they are attempting to collect a debt that is not hers and requesting Defendant to cease and desist all calls to her.

9. Despite receiving the letter on September 30, 2010, as per the certified mail return receipt, Defendant continued to call Plaintiff in connection with an attempt to collect the debt, including but not limited to, calls on October 12, 2010, October 14, 2010, October 19, 2010, and October 22, 2010.

10. On or about November 2, 2010, Plaintiff retained counsel and Plaintiff's counsel sent a letter informing Defendant that Plaintiff had been retained by counsel and to request that Defendant cease and desist all direct contact with Plaintiff.

11. Despite Plaintiff's counsel's efforts, Defendant continued to contact Plaintiff in connection with an attempt to collect an alleged debt, including but not limited to, calls made on November 17, 2010 at 1:57pm and November 18, 2010 at 8:24am.

12. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

  a) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));

  b) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

  c) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1));

  d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

  e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

  f) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

  g) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

  h) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e)); and

  i) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with

Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2).

13. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 29th day of December, 2010.

By: s/ Todd M. Friedman
    **TODD M. FRIEDMAN (216752)**
    **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
    **369 S. Doheny Dr. #415**
    **Beverly Hills, CA 90211**
    **Phone: 877 206-4741**
    **Fax: 866 633-0228**
    **tfriedman@attorneysforconsumers.com**
    **Attorney for Plaintiffs,**
    **SHERRI KING**